# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **TOYLAWUO GALTOGBAH** | : | **No. 07-cr-136-3** |

## MEMORANDUM

PRATTER, J.                                                                                MARCH 22, 2022

Toylawuo Galtogbah asks the Court to vacate his sentence under 28 U.S.C. § 2255. The Government opposes the motion because it is moot and does not have merit. For the reasons that follow, the Court denies Mr. Galtogbah's motion.

### BACKGROUND

Mr. Galtogbah was charged with two counts of carjacking, in violation of 18 U.S.C. § 2119, and one count of carrying and using a firearm during and in relation to a carjacking, in violation of 18 U.S.C. § 924(c). The charges arose out of carjackings committed by Mr. Galtogbah and others on November 1, 2006 and by Mr. Galtogbah on March 1, 2007. Doc. No. 61, at 1.

Mr. Galtogbah pled guilty to all charges on November 29, 2007 pursuant to a Rule 11 plea agreement with the Government. In light of the plea agreement, the Court imposed a sentence of 120 months, to be followed by 5 years of supervised release. Mr. Galogbah completed his sentence and was released on August 16, 2016. He then completed his term of supervised release in August 2021.

Mr. Galtogbah filed a petition under 28 U.S.C. § 2255. Doc. No. 120. He challenges the sentence imposed for carrying and using a firearm in relation to the carjacking in violation of 18 U.S.C. § 924(c). He contends that the carjacking offense no longer qualifies as a "crime of violence" for purposes of § 924(c) following the Supreme Court's decision in *United States v.*

1

*Davis*, 139 S. Ct. 2319 (2019). The Government delayed responding to his motion while court rulings on the effect of *Davis* remained pending. The Government has now filed a response in opposition to the petition.

## LEGAL STANDARD

Section 2255 allows a prisoner in federal custody to move to vacate or set aside his sentence if it was "imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 "provides relief for jurisdictional and constitutional claims, as well as for certain nonconstitutional claims." *United States v. Folk*, 954 F.3d 597, 601 (3d Cir. 2020). When a petitioner challenges his sentence as flawed, a nonconstitutional claim, § 2255 only provides a remedy in two circumstances. *Id.* at 602. First, a petitioner may succeed by showing that "a sentencing error resulted in 'an omission inconsistent with the rudimentary demands of fair procedure.'" *Id.* (quoting *United States v. Timmreck*, 441 U.S. 780, 783 (1979)). Second, a petitioner may succeed by showing that a sentencing error "constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice[.]'" *Id.* (quoting *Timmreck*, 441 U.S. at 783).

## DISCUSSION

### I.  Mr. Galtogbah's Motion is Moot

A petition for relief under § 2255 is available only for petitioners who are in federal custody. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). "Custody" includes terms of supervised release from prison, but a habeas court loses subject matter jurisdiction once a petitioner completes his term of supervised release. *Id.* at 491. Mr. Galtogbah completed his supervised release in

2

August 2021 and is no longer in custody. Because he is no longer in custody, § 2255 no longer provides a remedy. Therefore, Mr. Galtogbah's § 2255 petition is moot.

## II. Carjacking in Violation of Section 2119 is a Crime of Violence Under the Elements Clause of Section 924(c)

However, even if Mr. Galtogbah's motion was not moot, it would fail on the merits. Mr. Galtogbah asserts that his sentence should be reduced as a result of the Supreme Court's decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). In these cases, the Supreme Court invalidated "residual clauses" for establishing whether a crime qualifies as violent. Mr. Galtogbah argues that his counts for carjacking are not "crimes of violence" under 18 U.S.C. § 924(c)(1).

Section 924(c) applies to a person who uses or carries a firearm during and in relation to a "crime of violence." This statute has two provisions defining a "crime of violence": (1) the elements clause (subsection A) and the residual clause (subsection B):

> (3) For purposes of this subsection the term 'crime of violence' means an offense that is a felony and--
>     (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>     (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(B)(3).

In *Davis*, the Supreme Court invalidated the residual clause of § 924(c), § 924(c)(3)(B), as unconstitutionally vague. 139 S. Ct. at 2336. This leaves only the "elements" clause, § 924(c)(3)(A), as a viable basis for a heightened penalty under § 924(c).

Mr. Galtobah pled guilty to carjacking in violation of 18 U.S.C. § 2119. This statute applies to "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle . . . from the person or presence of another *by force and violence or by intimidation*, or attempts to

do so." 18 U.S.C. § 2119 (emphasis added). Thus, the only issue is whether taking a motor vehicle "by intimidation" constitutes a crime of violence under the elements clause of Section 924(c).

After the Supreme Court invalidated the residual clause at issue in *Johnson*, the Third Circuit Court of Appeals considered precisely this phrase on remand. The Court of Appeals interpreted "by force and violence, or by intimidation" in the bank robbery context, and found that this phrase establishes a crime of violence under the elements clause of § 924(c). *United States v. Johnson*, 899 F.3d 191, 204 (3d Cir. 2018). More recently, the Court of Appeals denied a request for a certificate of appealability on this question in the carjacking context because "reasonable jurists would not debate the conclusion that carjacking in violation of 18 U.S.C. § 2119 categorically constitutes a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A)." *United States v. Smith*, No. 19-cv-2257, 2021 WL 2135947, at *1 (3d Cir. May 11, 2021); *see also id.* (citing *United States v. Felder*, 993 F.3d 57, 79 (2d Cir. 2021) (collecting cases)). Therefore, Mr. Galtogbah's predicate crime of carjacking qualifies as a crime of violence under § 924(c).

## CONCLUSION

For the reasons discussed above, the Court denies Mr. Galtogbah's challenge to his sentence under § 924(c). An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE